UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
JUANA YVELISSY PAULINO ARIAS,
                           Petitioner,

        -against-

SCOTT MECHKOWSKI, et al.,
                           Respondents.
-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/25/15

15 Civ. 6092 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

      On August 4, 2015, Petitioner Juana Y. Paulino Arias filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging her continued detention by Respondents. For the reasons stated below, the Petition is granted.

**I.    BACKGROUND**

      The relevant facts are taken from the Petition. Petitioner -- a citizen of the Dominican Republic -- entered the United States as a lawful permanent resident in 1991. On January 11, 2005, Petitioner pleaded guilty to three counts of grand larceny and was sentenced to probation. On December 2, 2010, Petitioner was arrested again on grand larceny charges. She was released on bail on July 14, 2011, and the charges were dismissed in March 2012. On April 24, 2012, Petitioner pleaded guilty to identity theft and was sentenced to probation.

      On October 30, 2014, more than three years after Petitioner's most recent detention and more than two years after her April 2012 guilty plea, Petitioner was arrested by the U.S. Immigration and Customs Enforcement ("ICE") and placed in immigration detention. She has remained in detention since that date, based on an immigration judge's determination that Petitioner's prior convictions require mandatory detention under section 236(c) of the Immigration and Nationality Act, 8 U.S.C. § 1226(c).

The Petition asserts that §1226(c) does not apply to Petitioner because, among other things, she was not detained promptly after her release as required by that statute.  On September 14, 2015, Respondents submitted a letter stating that -- because "ICE detained Arias three years after her most recent conviction" -- this case "is not distinguishable" from the facts of two cases this Court has decided previously: *Giron v. Shanahan*, No. 15 Civ. 2951, 2015 WL 5334046 (S.D.N.Y. Sept. 11, 2015), and *Minto v. Decker*, No. 14 Civ. 07764, --- F. Supp. 3d. ----, 2015 WL 3555803 (S.D.N.Y. June 5, 2015), *appeal docketed*, No.15-2527 (2d Cir. Aug. 7, 2015).[1]  Although Respondents disagree with the holding in *Minto* and *Giron*, they "recognize[d] that additional briefing may not be desired or required."

## II.   DISCUSSION

For the reasons fully stated in *Minto* and *Giron*, Petitioner is not subject to mandatory detention under § 1226(c).  The language of § 1226(c) is unambiguous; "when the alien is released" means "at or around the time of release."  *Minto*, 2015 WL 3555803 at *4; *accord Giron*, 2015 WL 5334046 at *3.  Accordingly, the Department of Homeland Security "may detain without a bond hearing a non-citizen who has committed certain crimes only if it does so at or around the time the person is released from custody."  *Minto*, 2015 WL 3555803 at *4.

Here, as Respondents acknowledges, Petitioner was arrested by ICE over three years after her most recent detention.  A delay of over three years is not "at or around the time of release."  *See Giron*, 2015 WL 5334046 at *3 (collecting cases).  As such, Petitioner is not subject to mandatory detention under § 1226(c) and is entitled to a bond hearing under § 1226(a).

---

[1]   The Court thanks the Government for its professionalism.  Its concession saves valuable time and will allow Petitioner to obtain a bond hearing sooner.

As this holding is sufficient to find for Petitioner, the remaining arguments in the Petition are not addressed.

### III. CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus is GRANTED. Within seven calendar days of the date of this Order, Respondents shall provide an individualized bond hearing to Petitioner to determine whether her detention is justified. Should they fail to provide such a hearing, Respondents shall release Petitioner from detention.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: September 25, 2015
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE